IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE


CLIFFORD BOGGS,                          )

                    Plaintiff            )

              v.                         )                    No.  2:06-cv-113

JO ANNE B. BARNHART,                     )
Commissioner of the
Social Security Administration,          )

                    Defendant            )


## MEMORANDUM OPINION


This is an action for judicial review, pursuant to 42 U.S.C. § 405(g), of

defendant Commissioner's final decision denying plaintiff's claim for disability

insurance and Supplemental Security Income benefits under Titles II and XVI of the

Social Security Act.  Because I find that the Commissioner's decision is supported

by substantial evidence in the record, plaintiff's motion for summary judgment [Court

File #9] will be denied, and defendant's motion for summary judgment [Court File

#12] will be granted.

I.

***Factual Background***

Plaintiff is a 39 year old male with a date of birth of November 1, 1967. He has an eighth grade education but has completed his GED. He has past relevant work as a maintenance man in an apartment complex which was exertionally medium.

Plaintiff has twice before filed claims for disability and Supplemental Security Income benefits. Those claims were denied by ALJ decisions on February 21, 2001, and August 21, 2002.

Plaintiff filed this pending application for disability and Supplemental Security Income benefits on March 22, 2004, alleging disability since January 23, 2004, due to coronary disease, low back pain, and hypertension.

It is undisputed that in January 2004 plaintiff experienced chest pain and his doctor advised him to avoid heavy lifting pending further testing. In early February 2004, plaintiff underwent a left heart catheterization to determine whether he had any significant coronary artery disease. The procedure showed significant occlusion of the left anterior descending artery. Shortly thereafter, the plaintiff

underwent an angioplasty with stint replacement. He recovered well after surgery, although he did not follow medical advice to stop smoking.

In April 2004, plaintiff underwent diagnostic studies of the upper and lower back due to his subjective complaints of neck and low back pain. An MRI of the cervical spine showed no evidence of any abnormality. An MRI of the lumbar spine showed degenerative changes at L3-S1, and although there was some evidence of bulging discs and tearing, there was no evidence of frank disc herniations or nerve root compression. There was evidence of a mild mass effect on the thecal sac. Plaintiff made a subsequent attempt to return to his job as a maintenance man but was unable to meet the job's exertional requirement, and this proved to be an unsuccessful work attempt.

## II.

### *The Findings of the Administrative Law Judge*

With respect to his most recent application, plaintiff testified before an Administrative Law Judge on November 9, 2005. He testified that he is married with two children; that his wife is employed outside the home, and he is home alone during the day; that he has worked in the past as a maintenance worker doing carpentry work and working in a glass factory; that he is unable to work now

because he has a bad back with pain radiating into both of his legs; that he has

neck and shoulder pain, as well as arthritis and carpal tunnel syndrome; that he has

problems with his hands bleeding and swelling; that he has previously had a heart

attack and has two stints; that he still has chest pains now sometimes when he is

under stress; that he still has a driver's license but normally his wife drives; that he

has to lie down at least twice every day; that he has a daily problem with not being

able to grip and dropping things; that he has a problem with his fingers going numb

on a daily basis; that he has continuous pain in his low back and there is no position

or medication that totally relieves all of his pain; and that there is no job that he has

ever done in the past that he could do at the time of the hearing.

In a decision entered on December 13, 2005, an Administrative Law

Judge made the following relevant findings:

. . .

(3)     Claimant has an impairment or combination of impairments considered "severe" based on the requirements of Regulations 20 CFR §§ 404.1520(b) and 416.920(b).

(4)     These medically determinable impairments do not meet or medically equal one of the listed impairments in Appendix 1, Subpart P of Regulation No. 4.

(5)     The undersigned finds that claimant's allegations regarding his limitations are not totally credible for the reasons set forth in the body of the decision.

(6)     The undersigned has carefully considered all of the medical opinions in the record regarding the severity of claimant's impairments (20 CFR §§ 404.1527 and 416.927).

(7)     The claimant has the residual functional capacity for light work.

(8)     The claimant is unable to perform his past relevant work.

(9)     Using the Medical-Vocational Guidelines and Rules 202.20 and 202.21, there are a significant number of jobs existing in the regional and national economy that the claimant can perform (20 CFR §§ 404.1565 and 416.965).

. . .

R23. Mr. Boggs appeals this ruling, contending that there are no jobs in the national economy which he can perform with his limitations.

III.

### Standard of Review

"The findings of the [Commissioner] as to any fact, if supported by substantial evidence, shall be conclusive. ..." 42 U.S.C. § 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). "The findings of the Commissioner are not subject to reversal merely because there exists

in the record substantial evidence to support a different conclusion. This is so because there is a 'zone of choice' within which the Commissioner can act, without the fear of court interference." *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001). The Court also reviews the ALJ's decision to determine "whether the [Commissioner] employed the proper legal standards in reaching her conclusion." *Brainard v. Secretary of Health & Human Services*, 889 F.2d 679, 681 (6th Cir. 1989). When the ALJ's findings are not supported by substantial evidence, or if the ALJ has committed legal error, the reviewing court shall reverse and remand the case for further administrative proceedings unless "the proof of disability is overwhelming or ... the proof of disability is strong and evidence to the contrary is lacking." *Faucher v. Secretary of Health & Human Services*, 17 F.3d 171, 176 (6th Cir. 1994).

Since February 3, 2004, a nurse practitioner named Ina K. Bone has been plaintiff's primary care provider. Medical records covering the period of February 3 through September 16, 2004, indicate that Mr. Boggs was seen by her for medication refills and general medical complaints. On March 23, 2004, Ms. Bone wrote on a prescription form "Mr. Boggs has been unable to work due to medical problems - he is considered permanently & totally disabled." On June 13, 2005, Ms. Bone wrote the following "To Whom It May Concern" note:

> Mr. Boggs has been a patient in this clinic since February,
> 2004. He has a history of unstable angina, coronary heart

6

disease, degenerative disc disease, hypertension, hyper-lipidemia, and osteoarthritis.  His attempts to return to work resulted in chest pain and re-hospitalization.  His wife works, so he stays home to care for the children, who are both under age 19.  He has filed for disability and his court date is pending.  He is unable to work due to multiple medical problems.  He desperately needs Medicaid insurance, due to his on-going medical problems.

R334.

On June 9, 2004, plaintiff was examined by Karl Konrad, M.D., Ph.D., for consultative psychological evaluation.  Plaintiff reported cardiovascular problems, skin lesions of the fingers, and allergies.  Dr. Konrad reported that on examination claimant had full range of movement of all joints, with no tenderness, heat, swelling or deformity in any joint.  His neck was supple with a full range of motion.  His back showed no kyphosis, no scoliosis and no scars.  He had normal lumbar flexure, no tenderness and no muscle spasm.  Dr. Konrad reported that the plaintiff "allowed" 10% of lateral bending to either side with 5% of backward extension and 20% of forward flexion.  Straight leg raising bilaterally to 20% less than full extension caused back discomfort and the claimant "allowed" only 15% of elevation of the legs in the supine position with a report of back pain.  However, Dr. Konrad reported that the plaintiff was able to rise from a chair and get on and off the exam table without problems.  He further reported that claimant moved from sitting to lying and back again with no or minimal difficulty.  His grip was full and dexterity was normal in

thumb-finger opposition and in self-dressing. Plaintiff walked unassisted without a

limp. There was no asymmetrical muscle wasting, and plaintiff could bear weight on

each leg separately. X-rays of the lumbar spine showed only posterior narrowing of

L5-S1. Dr. Konrad's diagnoses were: CAD, status post-coronary stint placement;

hepatomegaly, rule out ascites; and limited range of motion of the lumbar spine with

minimal changes on x-ray. Based on the objective findings of the exam, Dr. Konrad

reported no impairment related to physical limitations. In addition, the state agency

physicians, upon examining plaintiff's medical reports, concluded that the plaintiff

was capable of performing work.


IV.

***Application of the Five-Step Evaluation Process***


Disability is evaluated pursuant to a five-step analysis summarized as

follows:


(1) If claimant is capable of doing substantial gainful activity, he is not disabled.

(2) If claimant is not doing substantial gainful activity, his impairment must be severe before he can be found to be disabled.

(3) If claimant is not doing substantial gainful activity and is suffering from a severe impairment that lasted or is expected to last for a continuous period of at

least 12 months, and his impairment meets or equals a listed impairment, claimant is presumed disabled without further inquiry.

(4)     If claimant's impairment does not prevent him from doing his past relevant work, he is not disabled.

(5)     Even if claimant's impairment does not prevent him from doing his past relevant work, if other work exists in the national economy that accommodates his residual functional capacity and vocational factors (age, education, skills, etc.), he is not disabled.

*Walters v. Commissioner of Social Security*, 127 F.3d 525, 529 (6th Cir. 1997) (citing

20 CFR § 404.1520). Plaintiff bears the burden of proof in the first four steps.

*Walters*, 127 F.3d at 529. The burden shifts to the Commissioner at step five. *See*

*id.*

In this case, the Administrative Law Judge proceeded all the way to step

five where he concluded that, although plaintiff was not capable of returning to his

former work which involved medium exertion, he was capable of performing light

work and that given that residual functional capacity and plaintiff's age and

education, the Medical-Vocational Grid directed a conclusion of not disabled. That

opinion is supported by substantial evidence in the record. Dr. Konrad examined the

plaintiff and found no impairment-related physical limitations which would exclude

the plaintiff from performing light work. The state agency physicians found plaintiff

to be capable of performing light work. The only opinion to the contrary is the

opinion of Nurse Practitioner Bone. Ms. Bone's opinion is unsupported by the medical data and other evidence of record. Even if Ms. Bone was a physician, the Administrative Law Judge is not bound by conclusory statements of doctors. *Buxton v. Halter*, 346 F.3d 762, 773 (6th Cir. 2001). The ultimate determination of disability is the prerogative of the Commissioner, not the treating physician (or nurse). *See Harris v. Heckler*, 756 F.2d 431, 435 (6th Cir. 1985).

A lack of physical restrictions constitutes substantial evidence for a finding of non-disability. *Longworth v. Commissioner of Social Security Administration*, 402 F.3d 591, 596 (6th Cir. 2005). The lack of physical restrictions pointed out by Dr. Konrad provides substantial evidence for the ALJ's opinion in this case. Because the ALJ has the opportunity to observe the demeanor of the witness, his conclusions with respect to credibility should not be discarded lightly and should be accorded deference. *Hardaway v. Secretary of Health & Human Services*, 823 F.2d 922, 928 (6th Cir. 1987). Accordingly, in this case, such deference is accorded to the opinion of the ALJ that the plaintiff's allegations regarding his limitations are not totally credible.

V.

### *The Plaintiff's Assignments of Error*

The plaintiff raises three assignments of error: (1) that the ALJ improperly assessed plaintiff's credibility regarding his allegations of disabling pain; (2) that the ALJ improperly assessed the medical evidence by discounting Nurse Bone's opinion; and (3) that the ALJ committed error by failing to utilize a vocational expert. The court will address each issue in turn.

First, with respect to the allegations of disabling pain, there is a two-step process for evaluating a claimant's assertions of pain. In describing this process, the Sixth Circuit has stated that:

> First, we examine whether there is objective medical evidence of an underlying medical condition. If there is, we then examine: (1) whether objective medical evidence confirms the severity of the alleged pain arising from the condition; or (2) whether the objectively established medical condition is of such severity that it can reasonably be expected to produce the alleged disabling pain.

*Felisky v. Bowen*, 35 F.3d 1027, 1038-39 (6th Cir. 1994).

However, this process only applies to claims of disabling pain supported by objective medical evidence. Subjective complaints of pain are subject to a

11

different standard, as "subject complaints of 'pain or other symptom shall not alone be conclusive evidence of disability'". *Buxton*, 246 F.3d at 773. "In evaluating the claimant's subjective complaints of pain, an Administrative Law Judge may properly consider the claimant's credibility, and we accord great deference to that credibility determination." *Warner v. Commissioner of Social Security*, 375 F.3d 387, 392 (6th Cir. 2004).

With respect to chest pain, the record indicated only that plaintiff occasionally, once a month, had such pain and he had nitroglycerin for those situations. His major allegations of pain are with respect to his lower back and, quite simply, the objective medical evidence does not support the level of pain which plaintiff alleged. Accordingly, the court accords great deference to the credibility determination of the ALJ.

Second, plaintiff points out the law of this circuit that great weight is to be given to the opinion of a treating physician. *See Allan v. Califano*, 613 F.2d 139 (6th Cir. 1980). However, Ms. Bone is not a physician, and plaintiff has not provided anything to indicate what deference, if any, is to be provided to the opinion of a nurse practitioner. In addition, the record does not indicate that Ms. Bone has treated the plaintiff for a long period of time. Rather, she appears to have provided him with his prescriptions for medications and some splints for his fingers due to the

carpal tunnel syndrome. Even more importantly, and if Ms. Bone were a physician, the ALJ is not bound by any physician's assessment and may reject unsupported opinions, *see Hall v. Bowen*, 837 F.2d 272, 276 (6th Cir. 1988), because the weight to be given any physician's opinion depends on the extent to which it is supported by medical data and other evidence of record. 20 CFR §§ 404.1527(d)(3), 416.927(d)(3). The ultimate issue of disability is reserved for the Commissioner. 20 CFR §§ 404.1527(e)(1), 416.927(e)(1). The court finds that the ALJ was warranted in this case in not deferring to the conclusory opinion of Nurse Bone.

Finally, claimant contends that it was error for the ALJ to not provide for a vocational expert to testify that there were jobs in the national economy at the light exertional level which the plaintiff could perform. Plaintiff relies on *Kimbrough v. Secretary of Health & Human Services*, 801 F.2d 794 (6th Cir. 1986), wherein the court held that when non-exertional limitations restrict a claimant's performance of a full range of work, at the appropriate residual functional capacity level, those non-exertional limitations must be taken into account and a non-grid determination made. However, in this case, the ALJ did not find that plaintiff had any non-exertional limitations, nor is there undisputed evidence in the record of non-exertional limitations. Accordingly, I cannot find that the application of the grid, without testimony of a vocational expert, constituted error.

VI.

***Conclusion***


In light of the foregoing, plaintiff's motion for summary judgment [Court File #9] will be denied;  defendant's motion for summary judgment [Court File #12] will be granted;  and the final decision of the defendant Commissioner will be affirmed.


Enter judgment accordingly.


                                        *s/  James H. Jarvis*
                          UNITED STATES DISTRICT JUDGE